In re Karen Anastasia WILSON, Debtor.

CITY OF MEMPHIS, Plaintiff,

v.

Karen Anastasia WILSON, Defendant.

Bankruptcy No. 82–23938.
Adv. No. 83–0318.

United States Bankruptcy Court,
W.D. Tennessee, W.D.

April 27, 1983.

Robert K. Kisber, Memphis, Tenn., plaintiff City of Memphis.

Ben Sissman, Memphis, Tenn., for defendant-debtor.

MEMORANDUM

DAVID S. KENNEDY, Bankruptcy Judge.

In this adversary proceeding the plaintiff, City of Memphis, has filed a complaint against the defendant, Karen Anastasia Wilson, the above-named Chapter 7 debtor ("Debtor"), pursuant to 11 U.S.C. § 523(a)(7), seeking, inter alia, a nondischargeable judgment on account of unpaid traffic violation fines.

The relevant facts are undisputed. On October 6, 1982, plaintiff obtained a judg-

**192**

ment for city traffic fines in the amount of $100.00. On November 3, 1982, the Debtor filed an original petition under Chapter 7 of the Bankruptcy Code. Plaintiff was listed as a creditor in the Debtor's Schedule A–3. Plaintiff subsequently filed the instant adversary proceeding.

The sole and limited issue for judicial determination here is whether or not a liability to pay traffic fines is dischargeable.[1]

Unlike the Bankruptcy Code, the former Bankruptcy Act made no specific provision concerning the dischargeability of fines and penalties due to a governmental unit, but certain principles became well settled in this respect. Fines for violation of law were not provable under the former Act and therefore were held to be not dischargeable. *In re Tingling,* 2 B.C.D. 183 (Bkrtcy.S.D.N.Y.1976); *Collier On Bankruptcy,* Vol. 3, Para. 523.17 (15th Ed.).[2]

§ 523(a)(7) of the Bankruptcy Code provides, in pertinent part, as follows:

"A discharge under section 727 ... of this title does not discharge an individual debtor from any debt ... to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit[3] and is not compensation for actual pecuniary loss...."

The Bankruptcy Law Manual (Weintraub and Resnick), Para. 3.09[8], provides in pertinent part, as follows:

"[a]ny obligation to pay a fine, penalty, or forfeiture owed to a governmental unit will remain unaffected by the case. *Liabilities to pay traffic fines, for example, are not dischargeable.*" (Emphasis added.)

Based on all the foregoing and the case record as a whole, the court finds, under the circumstances, that a liability to pay a traffic fine is nondischargeable.

**1.** Although the instant adversary proceeding involved other issues, this Memorandum is limited to this sole issue.

**2.** The concept of provability contained in § 63 of the former Bankruptcy Act was not retained

This "Memorandum" shall constitute findings of fact and conclusions of law under Bankruptcy Rule 752(a).

under the Bankruptcy Code. See 11 U.S.C. § 101(4).

**3.** Under 11 U.S.C. § 101(21) "governmental unit" is defined as including a "municipality" such as the plaintiff here.