**In re Allen CAGGIANO, Debtor.**

**Allen CAGGIANO, Plaintiff,**

v.

**OFFICE OF the PARKING CLERK OF the CITY OF BOSTON, and City of Boston, Defendants.**

**Bankruptcy No. 83-00032-HL.**
**Adv. No. 83-755.**

United States Bankruptcy Court,
D. Massachusetts.

Oct. 6, 1983.

**450**

## MEMORANDUM ON FINDINGS OF FACT AND RULINGS OF LAW

HAROLD LAVIEN, Bankruptcy Judge.

This matter came before this Court for a hearing on September 7, 1983. The debtor had brought a complaint to determine the dischargeability of the unpaid fines and charges occasioned by parking tickets and, assuming such dischargeability, requested an injunction restraining the City of Boston and its agencies from denying the issuance or renewal of the debtor/plaintiff's driver's license. The Court, having heard the arguments of counsels and having reviewed their briefs, makes the following findings of facts and rulings of law.

The debtor, Allen Caggiano, filed a Chapter 7 petition on January 10, 1983. Pending against him are fifteen (15) unpaid parking tickets totalling $360. All were originally $15. However, due to late charges, twelve (12) are for $20. and the remaining three (3) are for $40.

■ Mass.Gen.Laws ch. 90, § 20A½ provides that

> any fine shall not exceed fifteen dollars, if paid within twenty-one days, twenty dollars if paid thereafter but before the parking clerk reports to the registrar as provided below, and thirty-five dollars if paid thereafter.

The statute further provides that

> Upon such notification to the registrar, an additional five dollar charge, payable to the registrar of motor vehicles, shall be assessed against the registered owner of said vehicle.

The original $15–$35 of the fine, however, is payable to the parking clerk.

11 U.S.C. § 523(a) provides

> (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss.

The fine, therefore, is dischargeable only if it relates to a "pecuniary loss"; that is, compensation for monetary injury actually incurred. Black's Law Dictionary 1288 (6th ed. 1968). The underlying $15 fine is not such a loss. *See In re Wilson,* 31 B.R. 191, 192 (Bkrtcy.W.D.Tenn.1983); *In re Young,* 10 B.R. 17 (Bkrtcy.S.D.Cal.1980). It is imposed to facilitate the city government's regulation of traffic and parking. *Commonwealth v. Petralia,* 372 Mass. 452, 456–57, 362 N.E.2d 513 (1977). A similar interpretation must be made for the first surcharge of $5—its imposition is to encourage efficient and expedient collection, not as compensation for loss revenues [1] and, therefore, this much of the fine and surcharge is not dischargeable.

■ The additional $15 surcharge, payable to the parking clerk, after the parking clerk reports to the registrar, would appear to be in a different category. It is not brought into effect by any further specific

---

1. For an example of a statute clearly based on pecuniary consideration, *see* Mass.Gen.Laws ch. 60 § 15, which has 18 different charges for notices, copies, issuing and serving warrants, seizing or selling tax delinquent property, and arresting the delinquent taxpayer.

time period, but rather it is initiated only by the clerk performing additional procedures upon non-payment or non-appearance by the defendant. Specifically, Mass.Gen. Laws ch. 90, § 20A½ provides that upon non-payment or non-appearance within twenty-one (21) days that:

> the parking clerk shall forthwith schedule the matter before a person hereafter referred to as a hearing officer, said hearing officer to be the parking clerk of the city or town wherein the violation occurred or such other person or persons as the parking clerk may designate. Written notice of the date, time and place of said hearing shall be sent by first-class mail to the registered owner. Said hearing shall be informal, the rules of evidence shall not apply and the decision of the hearing officer shall be final subject to judicial review as provided by section fourteen of chapter thirty A.

Although not as clearly associated with a specific cost reimbursement as the final $5 surcharge (*see infra*) payable to the registrar, this Court finds this a charge to recover a pecuniary loss due to the work and expense involved in the renewed hearing provisions and forwarding of the papers to the Registry of Motor Vehicles. Mass.Gen. Laws ch. 90, § 20A½. Therefore, this additional $15 surcharge is dischargeable under 11 U.S.C. § 523(a)(7).

As to the final $5 charge payable to the Registry of Motor Vehicles and not the parking clerk, it would seem to be not so much a penalty but, instead, a reimbursement for the added expenses incurred by the Registry in processing the license and registration records to accomplish revocation and prevention of renewal. Accordingly, this $5 charge is found to be a pecuniary charge for the cost of the registrar making the appropriate recordings.

There is little, if anything in the legislative history of the Code or Mass.Gen.Laws ch. 90, § 20A½ to guide the Court in its interpretation of the parking fines and charges. Accordingly, the Court has limited itself primarily to the readings of the statutes previously cited. "Where the mind

labors to discover the design of the legislature, it seizes everything from which aid can be derived ...." *United States v. Fisher*, 6 U.S. 358, 2 Cranch 358, 386, 2 L.Ed. 304 (1805); *see also*, Frankfurter, *Some Reflections on the Readings of Statutes*, 47 Colum.L.Rev. 527 (1947).

Of the $135 in additional charges, $60 can be attributed to the surcharges that are dischargeable. Accordingly, $300 of the parking fees is nondischargeable, with the $60 balance discharged under 11 U.S.C. § 523(a)(7). Therefore, the debtor's request for an injunction is DENIED.