In re William J. GALLAGHER, Debtor.

CITY OF CHICAGO, a Municipal Corp., Plaintiff,

v.

William J. GALLAGHER, Defendant.

Nos. 86 B 6962, 86 A 0696.

United States Bankruptcy Court, N.D. Illinois, E.D.

March 9, 1987.

James W. Garlanger, Orland Park, Ill., for debtor.

Deborah L. Thorne, Asst. Corp. Counsel, Chicago, Ill., for City of Chicago.

## MEMORANDUM OPINION AND ORDER

ROBERT L. EISEN, Chief Judge.

This matter is before the court on the motion of the plaintiff, City of Chicago ("City"), for summary judgment on the City's first amended complaint to deter-

mine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(7). The facts determinative of the issue before the court are admitted by the debtor-defendant ("debtor") in his answer to the City's first amended complaint. Since there are no material issues of fact, and the sole issue to be decided is a question of law, summary judgment is appropriate. For the reasons hereinafter set forth, the plaintiff's motion is granted.

### Facts

On May 2, 1986, the debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*). The City is the holder of a claim against the debtor in the amount of $5,635.00. The City's claim arose from parking violation fines assessed against the debtor during the period June 19, 1984 through May 31, 1985. The sum represents 274 separate parking citations issued during that period.

In the adversary case *sub judice,* the City seeks a determination that the debt owing the City as a result of the fines imposed for the parking violations is nondischargeable pursuant to 11 U.S.C. § 523(a)(7). The sole defense raised by the debtor is that the City has not proved that the fines were imposed by a court. The matter is now before the court on the City's motion for summary judgment.

### Discussion

Section 523(a)(7) provides in relevant part:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> > (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, ...

11 U.S.C. § 523(a)(7). There is no doubt that parking fines are fines or penalties payable to and for the benefit of a governmental unit and that such fines are not to compensate the City for pecuniary loss. *In re Caggiano,* 34 B.R. 449 (Bankr.D.Mass. 1983) (parking fines); *In re Wilson,* 31 B.R. 191 (Bankr.W.D.Tenn.1983) (traffic fines); *In re Young,* 10 B.R. 17 (Bankr.S. D.Cal.1980) (traffic fines). In describing the type of debts which are nondischargeable under 11 U.S.C. § 523(a)(7) one commentor states: "Actually, the types of debts most often excepted from discharge under this provision are fines and penalties such as traffic fines and parking tickets owed to local government units." Ginsberg, Bankruptcy ¶ 11,310 (1985). *See also* 3 Collier on Bankruptcy ¶ 523.17 (15th Ed. 1985).

The Supreme Court recently reviewed 11 U.S.C. § 523(a)(7) in the context of criminal restitution orders. In *Kelly v. Robinson,* — U.S. —, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), the Court stated:

> Our reading of § 523(a)(7) differs from that of the Second Circuit. On its face, it creates a broad exception for all penal sanctions, whether they be denominated fines, penalties, or forfeitures. Congress included two qualifying phrases; the fines must be both "to and for the benefit of a governmental unit" and "not compensation for actual pecuniary loss." Section 523(a)(7) protects traditional criminal fines; it codifies the judicially created exception to discharge for fines [under the Bankruptcy Act].

107 S.Ct. at 362. In *In re Caggiano, supra,* the court noted that parking fines are penal in nature since the purpose of the ordinances establishing the fines are to facilitate the city government's regulation of traffic and parking. This court agrees that parking fines are penal fines payable to and for the benefit of a governmental unit and are therefore nondischargeable debts pursuant to 11 U.S.C. § 523(a)(7).

The sole defense raised by the defendant is that the City has not proved that the fines were imposed by a court. However, there is nothing contained within § 523(a)(7) which mandates that the fine or penalty be imposed by a court. If the relevant state or municipal laws provide that an administrative agency may impose fines, such fines, if they fall within the ambit of § 523(a)(7), are nondischargeable.

In his answer to the first amended complaint, the debtor admits that he is indebted to the City for $5,635.00 resulting from parking violation fines. If he has objections to the methods by which those fines were imposed, he may take them up in the state courts. The defendant does not claim that his due process rights were violated or that the fines were imposed in violation of applicable law. Therefore, the defendant's objection is without merit.

THEREFORE, IT IS HEREBY ORDERED that the City's motion for summary judgment is granted. The $5,635.00 debt due the City from the defendant for parking fines is declared nondischargeable.