**In re Allen Duane STEVENS, Debtor.**

**Allen Duane STEVENS, Plaintiff,**

v.

**COMMERCIAL COLLECTION SERVICE, INC.,
Defendant.**

**Bankruptcy No. 94–02982.
Adv. No. A95–00873.**

United States Bankruptcy Court,
W.D. Washington.

July 26, 1995.

Roland O. Balloun, Owens & Balloun, Bellingham, WA, for debtor/plaintiff.

Robert W. Sealby, Carlson, Drewelow & McMahon, Wenatchee, WA, for defendant.

## MEMORANDUM OPINION ON MOTION FOR SUMMARY JUDGMENT

SAMUEL J. STEINER, Bankruptcy Judge.

### FACTS

In August of 1993, a judgment was entered against the plaintiff/debtor by the Chelan County District Court for unpaid traffic fines in the amount of $623.20. The debtor failed to satisfy the judgment, and it was assigned to the defendant for collection.

This bankruptcy was filed on April 13, 1994, and the Discharge Order was entered on August 17, 1994. On October 10, 1994, the defendant caused a writ of garnishment to be issued and served on the debtor's employer which has sequestered the sum of $810.75. Presumably, the difference between the amount of the judgment and the funds sequestered involves interest, costs, etc. On February 2, 1995, the debtor filed this adversary proceeding contending that the defendant's actions constitute a violation of the Discharge Order and Section 524(a)(2) of the Bankruptcy Code, and that he is entitled to damages. The debtor has now moved for summary judgment.

### DISCUSSION

The defendant maintains that the debt is nondischargeable pursuant to Section 523(a)(7) of the Bankruptcy Code, which provides as follows:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

. . . . .

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss....

In order for a debt to be excepted from discharge under Section 523(a)(7), three requirements must be met. First, it must be a debt for a fine, penalty, or forfeiture; second, the debt must be payable to and for the benefit of a governmental unit; and third, the debt cannot constitute compensation for

actual pecuniary loss. *Commonwealth of Kentucky v. Seals,* 161 B.R. 615 (W.D.Va. 1993).

■ It is generally accepted that traffic and parking fines are a "fine or penalty" for purposes of Section 523(a)(7), because their intent is to facilitate the city government's regulation of traffic and parking. *In re Caggiano,* 34 B.R. 449 (Bankr.D.Mass.1983). As one commentator stated, " 'Actually, the types of debts most often excepted from discharge under this provision are fines and penalties such as traffic fines and parking tickets owed to local government units.' " Ginsberg, Bankruptcy P 11,310 (1985), quoted in *In re Gallagher,* 71 B.R. 138 (Bankr. N.D.Ill.1987). Such fines are nondischargeable whether they are denominated civil or criminal under local law. *Kentucky v. Seals, Supra; In re Taite,* 76 B.R. 764 (Banrk.C.D.Cal.1987).

Section 523(a)(7) requires that the debt be payable both to *and* for the governmental unit. While the fine in question is payable for the County's benefit, it is payable to the defendant and not the government. The debtor's primary argument is that the fine in question is not "payable to" a governmental unit, since the judgment is being collected by the defendant. Neither side has cited a case directly on point, nor could the Court find one. The debtor relies on *In re Strutz,* 154 B.R. 508 (Bankr.N.D.Ind.1993), in which the Court held that a contempt fine payable to the opposing party was not payable to the governmental unit and was hence dischargeable. The *Strutz* case is not in point, inasmuch as the contempt fine was both payable to and for a non-governmental entity.

■ The Court concludes that the debtor's construction of the statutory language is strained. The "assignment" from the County to the defendant was not a transfer of ownership of the claim. Rather, pursuant to its contract with the County, the defendant is the County's agent for purposes of collection, and the County receives 100% of sums the defendant collects. When there has been an assignment for collection purposes, the assignor remains the real party in interest. The debtor would have the Court conclude that a debt payable to an agent for the benefit of its principal is no longer payable to the principal and is hence dischargeable. This interpretation is contrary to general agency principles and creates no legally meaningful distinction for purposes of Section 523(a)(7).

■ The debtor urges that exceptions to discharge should be strictly construed. The Court has no quarrel with this as a general proposition. However, in *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), the Supreme Court concluded that criminal restitution payable to the state probation office satisfied the "payable to" requirement, even though the payments were ultimately forwarded to the victim. In so holding, the Court stated that Section 523(a)(7) "creates a broad exception for all penal sanctions."

Inasmuch as the debt involved here is ultimately one involving a penal sanction, the Court concludes that it is nondischargeable.

## CONCLUSIONS

1. The debt involved in this adversary proceeding is not dischargeable in bankruptcy.

2. The fact that the obligation has been assigned to the defendant for collection does not affect its nondischargeability.

3. The debtor's motion for summary judgment should be denied.

4. Inasmuch as there is no genuine issue of material fact involved in this litigation and the uncontroverted facts support such a ruling, summary judgment should be granted in favor of the defendant. *Portsmouth Square, Inc. v. Shareholders Protective Committee,* 770 F.2d 866, 869 (9th Cir.1985). *See also In re Marvin Properties, Inc.,* 76 B.R. 150 (9th Cir. BAP 1987).