In re Chestine L. CLAYTON, Debtor.

Chestine L. CLAYTON, Plaintiff,

v.

**TENNESSEE DEPARTMENT OF SAFETY, Defendant.**

**Bankruptcy No. 94–26431–K. Adv. No. 96–0214.**

United States Bankruptcy Court, W.D. Tennessee, Western Division.

Aug. 7, 1996.

---

Thomas W. McDaniel, Memphis, TN, for Plaintiff–Debtor.

Gary N. Meade, Jr., Assistant Attorney General, State of Tennessee, Tax Division, Bankruptcy Unit, Nashville, TN, for Defendant.

**MEMORANDUM AND ORDER RE JOINT MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R.BANKR.P. 7056 ARISING OUT OF THE DEBTOR'S ORIGINAL AND AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS UNDER 11 U.S.C. § 523(a)(7) COMBINED WITH NOTICE OF THE ENTRY THEREOF**

DAVID S. KENNEDY, Chief Judge.

This action is before the court on a joint motion filed by the plaintiff, the above-named chapter 7 debtor, Chestine L. Clayton ("Ms. Clayton"), and the defendant, Tennessee Department of Safety ("Department"), seeking summary judgment pursuant to FED. R.BANKR.P. 7056 and arises out of Ms. Clayton's original and amended complaint to determine the dischargeability under 11 U.S.C. § 523(a)(7)[1] of certain statutory fees under TENN.CODE ANN. § 55–12–129, infra, imposed as a precondition to the reinstatement or

---

1. 11 U.S.C. § 523(a)(7) provides that a discharge under section 727 of the Bankruptcy Code does not discharge an individual from any *debt*—
 "To the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and it not compensation for actual pecuniary loss, other than a tax penalty—

 "(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or
 "(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition."

reissuance of a Tennessee driver's license to her.[2]

By virtue of 28 U.S.C. § 157(b)(2)(I) this is a core proceeding; and the court has jurisdiction under to 28 U.S.C. §§ 1334 and 157(a) and Miscellaneous District Court Order No. 84–30 entered on July 11, 1984. The following shall constitute the court's findings of fact and conclusions of law in accordance with FED.R.BANKR.P. 7052.

The relevant background facts are not in dispute and may be briefly summarized as follows. Ms. Clayton filed an original chapter 13 petition on June 30, 1994; and on August 25, 1994, the court signed an order confirming her chapter 13 plan. On November 27, 1995, Ms. Clayton voluntarily converted her chapter 13 case to a case under chapter 7 of the Bankruptcy Code by filing a "Notice of Conversion" in accordance with 11 U.S.C. § 1307(a) and FED.R.BANKR.P. 1017(d). Subsequently, Ms. Clayton filed this adversary proceeding under 11 U.S.C. § 523(a)(7) seeking a judicial determination that certain traffic tickets owed to the City of Memphis Court Clerk and the resulting $465.00 in statutory fees required by the Department under TENN.CODE ANN. § 55–12–129, are dischargeable.[3]

The Department asserts in its answer to the complaint and in support of its motion for summary judgment that the statutory fees imposed by TENN.CODE ANN. § 55–12–129 are not "claims" as defined in 11 U.S.C. § 101(5) or "debts" as defined in 11 U.S.C. § 101(12). The Department states, inter alia, that it has no right to enforce the payment of the statutory fees by obtaining a judgment against Ms. Clayton. The Department strongly contends that the fees in question are not "claims" or "debts" under the Bankruptcy Code and essentially are unaffected by this bankruptcy case. Somewhat alternatively, the Department argues that if such fees are "claims" or "debts" under the Bankruptcy Code, they are nondischargeable in a chapter 7 case by virtue of 11 U.S.C. § 523(a)(7).

There are two issues that the court must address in resolving the parties' joint motion for summary judgment. The initial inquiry is whether the fees required to be paid by virtue of TENN.CODE ANN. § 55–12–129 are prepetition "claims" or "debts" under the Bankruptcy Code such that they are eligible to be discharged at all in a chapter 7 case. The second inquiry is: if the statutory fees do constitute "claims" or "debts" under the

2. Ms. Clayton's complaint also named the City of Memphis Court Clerk as an additional defendant and sought a judicial determination that certain traffic tickets were dischargeable under 11 U.S.C. § 523(a)(7). Defendant, City of Memphis Court Clerk, failed to appear at a scheduled pretrial conference and also failed to answer the debtor's complaint. On July 23, 1996, after notice and opportunity for hearing and there being no opposition, the court granted the debtor's written motion for default judgment pursuant to FED.R.BANKR.P. 7055. But compare, for example, *In re Wilson*, 31 B.R. 191 (Bankr.W.D.Tenn. 1983); *In re Gallagher*, 71 B.R. 138 (Bankr. N.D.Ill.1987); and *In re Stevens*, 184 B.R. 584 (Bankr.W.D.Wash.1995). As such, the only issues remaining to be decided in this adversary proceeding center around the dischargeability of the statutory "fees" payable to the Department as a pre-condition, among others, to the reissuance of a driver's license to Ms. Clayton.

3. TENN.CODE ANN. § 55–12–129 is styled **"Fees for reinstatement of license and registration"** and provides as follows:

"Whenever a license or registration is suspended or revoked and the filing of proof of financial responsibility is made a prerequisite to reinstatement of such license or registration, or both, or to the issuance of a new license or registration, or both, no such license or registration shall be reinstated or a new license or registration issued unless the licensee or registrant, in addition to complying with the other provisions of this chapter, pays to the commissioner a fee of fifty dollars ($50.00). Only one (1) such fee shall be paid by any one (1) person, irrespective of the number of licenses and registration privileges to be then reinstated or issued to such person. A sixty-five dollars ($65.00) restoration fee shall be paid, however, for each and every suspension or revocation action requiring such fee. Fees paid pursuant to this chapter shall be expendable receipts to be used only by the commissioner towards the cost of administering the provisions of this chapter. From each fee of sixty-five dollars ($65.00) received in accordance with the provisions of § 55–10–306, the commissioner shall make a payment of ten dollars ($10.00) for the furnishing of a completed report of each conviction resulting in a suspension or revocation, including forfeiture of bail not vacated, or payment of a fine or penalty, for one (1) or more of the offenses enumerated in § 55–12–115(a). [Acts 1977, ch. 446, § 29; T.C.A. § 59–1279; Acts 1980, ch. 817, § 6; 1980, ch. 868, § 3; 1986 ch. 842, §§ 25–27.]"

**32**

Bankruptcy Code are such claims or debts dischargeable or are they nondischargeable debts for "fines, penalties, or forfeitures" payable to a "governmental unit" under 11 U.S.C. § 523(a)(7)? [4]

There are no genuine issues of material fact which are in dispute here and the issues are ripe for disposition by summary judgment. *See, for example, Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

As noted earlier, the Department strongly contends that the fees it is statutorily bound to collect prior to the issuance or reinstatement of a suspended or revoked driver's license pursuant to TENN.CODE ANN. § 55–12–129 are not "claims" or "debts" as contemplated under the Bankruptcy Code and are not proper subjects for consideration under 11 U.S.C. § 523(a)(7). The Department principally relies on a District Court opinion from the Eastern District of Pennsylvania styled *In re Geiger,* 143 B.R. 30 (E.D.Pa. 1992) *aff'd without opinion,* 993 F.2d 224 (3d Cir.1993). In *Geiger,* the District Court reversed the Bankruptcy Court's decision and held that the Pennsylvania equivalent of the Tennessee statutory fee was not a "debt" under 11 U.S.C. § 101(12). The Pennsylvania District Court reasoned that although the term "debt" is to be broadly construed, in its opinion it was not broad enough to include the Pennsylvania statutory fee.

■ 11 U.S.C. § 101(12) defines the term "debt" as "liability on a claim." The term

"claim" is statutorily defined in 11 U.S.C. § 101(5), infra, as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." The term "claim" is coextensive with the term "debt." *Pennsylvania Dep't of Pub. Welfare v. Davenport (In re Davenport),* 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990). It is emphasized that the Supreme Court has countenanced an extraordinarily expansive reading of the term "debt" in *Johnson v. Home State Bank (In re Johnson),* 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991) and in *Pennsylvania Dep't of Pub. Welfare v. Davenport (In re Davenport),* 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990). *See also In re Adams,* 106 B.R. 811, 817 (Bankr.D.N.J. 1989) (citing H.R.REP. No. 595, 95th Cong. 1st Sess. 309 (1977)).

■ With all due respect to the *Geiger* opinion, this court nonetheless finds that the term "claim" or "debt" under the Bankruptcy Code is broad enough to encompass the contingent or unmatured "fees" imposed by TENN.CODE ANN. § 55–12–129. By fashioning a single definition of "claim" in the Bankruptcy Code, the Congress intended to adopt the broadest available definition of that term. *In re Udell,* 18 F.3d 403 (7th Cir.1994). "Claim," as the plain language of section 101(5) of the Bankruptcy Code states, includes a contingent and unmatured "right to payment" whether statutory, contractual, consensual, or otherwise. 11 U.S.C. § 101(5)(A). Compare *Ohio v. Kovacs,* 469 U.S. 274, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985).[5]

---

4. It is parenthetically noted that in *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971), the Supreme Court held that a State would frustrate the Congressional policy of a fresh start for a debtor if it were permitted to refuse to renew a driver's license because a tort judgment resulting from an automobile accident had been unpaid as a result of a discharge in bankruptcy. 11 U.S.C. § 525 is styled **"Protection against discriminatory treatment"** and codified the result of *Perez v. Campbell.*

In *In re Norton,* 867 F.2d 313 (6th Cir.1989), the Sixth Circuit held, inter alia, that the provisions of the Tennessee Financial Responsibility Act, TENN.CODE ANN. §§ 55–12–101 et seq., 55–12–

106, and 55–12–106(15), requiring every driver found to be financially irresponsible to pay the statutory fees, provide proof of insurance, and successfully pass a new driver's test as preconditions to the reissuance of a driver's license did not violate the antidiscrimination prohibition contained in 11 U.S.C. § 525(a). See also *Duffey v. Dollison,* 734 F.2d 265 (6th Cir.1984).

It is expressly noted that the instant action concerns itself only with 11 U.S.C. § 523(a)(7) and not with 11 U.S.C. § 525(a).

5. In *Ohio v. Kovacs* the Supreme Court addressed whether contingent environmental cleanup obligations are prepetition debts and held that

Specifically, 11 U.S.C. § 101(5) provides that " 'claim' means—

"(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal equitable, secured, or unsecured; or

"(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured."

The statutory fee in question is a contingent or unmatured "right to payment" which becomes actually due and payable to the Department when, and only if, a person requests that a Tennessee driver's license be reissued or reinstated. An indemnification or guaranty situation is, for example, somewhat analogous. In an indemnification or guaranty setting there is a right to payment *contingent* upon the occurrence or nonoccurrence of a specified event. In *In re Hemingway Transport, Inc.*, 954 F.2d 1 (1st Cir. 1992), the First Circuit held that the term "claim" is broad enough to encompass an unliquidated, contingent right to payment under a prepetition indemnification agreement even though the triggering contingency does not occur until *after* the filing of the petition under the Bankruptcy Code.

In support of its position that the statutory fees are not "claims" or "debts" under the Bankruptcy Code, the Department states that it may not actively attempt to collect the fees from persons seeking the reinstatement of a driver's license and if the debtor never seeks a reinstated driver's license, the statutory fee or "right to payment" is never triggered. The bankruptcy court in *In re Bill*, 90 B.R. 651 (Bankr.D.N.J.1988) responsively observed:

the debtor's obligation to clean up a hazardous waste site pursuant to a state court injunction indeed was a "debt" as contemplated in the Bankruptcy Code. The Court noted, however, that a bankruptcy discharge does not shield the debtor from prosecution for having violated the state environmental laws or for civil contempt for not performing his prepetition obligations under the injunction. Here, a discharge of the

"the right to a money judgment is only one procedural device for compelling payment; ... the threat of loss of a driver's license is undoubtedly a more effective collection device than the threat of a money judgment."

*Id.* at 655.

Finding that the Department holds a contingent statutory "claim" which is due and payable by Ms. Clayton as a precondition of reinstatement of a Tennessee driver's license, the $465.00 fees required by TENN.CODE ANN. § 55–12–129 are "debts" as contemplated by the broad definition under the Bankruptcy Code. Under the circumstances the Department has a "right to payment." Once this contingency is removed, the Department's "right to payment" clearly exists and the licensee (here Ms. Clayton) must pay the statutory fee. Simply stated, the Department has a "claim" against Ms. Clayton as contemplated under the extraordinarily broad definition created by the laws of the United States Congress relating to bankruptcy.

█ The court must now determine whether the statutory fees are dischargeable "debts" under 11 U.S.C. § 523(a)(7) or whether they constitute a "fine, penalty, or forfeiture" payable to a "governmental unit" such that they should be excepted from Ms. Clayton's general discharge by virtue of section 523(a)(7).

A "fee" is defined as a "charge fixed by law for services of public officers or for use of a privilege under control of government." BLACK'S LAW DICTIONARY 553 (5th ed. 1979). In contrast, "[t]he word 'penalty' is broader than the word 'fine' which is always a penalty; whereas a penalty may be a fine or it may designate some other form of punishment." BLACK'S LAW DICTIONARY 759 (4th ed. 1957). Penalty is defined as "[a] punishment; a punishment imposed as a consequence of

statutory fees would not, ipso facto, shield Ms. Clayton (or others similarly situated) from prosecution for the underlying offense(s) giving rise to such fees. As the Supreme Court stated in *Ohio v. Kovacs:* "Finally, we do not question that anyone in possession of the site—whether it is [the debtor] or another ...—must comply with the environmental laws of the State of Ohio." 469 U.S. at 285, 105 S.Ct. at 711.

the commission of an offense. Also money recoverable by virtue of a statute imposing a payment by way of punishment." BLACK'S LAW DICTIONARY 1290 (4th ed. 1957). "Penalty" is "an elastic term with many different shades of meaning" but is most commonly used to mean pecuniary punishment. *Id.*

This court finds that the "fees" provided for in TENN.CODE ANN. § 55–12–129 constitute a "penalty" under 11 U.S.C. § 523(a)(7). The $65.00 statutory fees here arise if a driver has been convicted of reckless driving, driving while unlicensed, driving on a suspended or revoked license, driving an unregistered vehicle, driving with revoked registration, failing to stop after a traffic accident, refusing to submit to a drug or alcohol test, or vehicular homicide, failure to satisfy a forfeiture of bail not vacated, or failure to pay a fine or penalty to a violations bureau for any of the above offenses. TENN.CODE ANN. § 55–12–115.

Several factors support the proposition that the fees required by TENN.CODE ANN. § 55–12–129 are "penalties" under 11 U.S.C. § 523(a)(7). First, the underlying offenses lend great weight to the determination that such statutory fees are penal sanctions for wrongdoing.[6] The statutory fees are imposed upon a conviction for offenses ranging from driving without a license to vehicular homicide. Second, there is not a single reinstatement fee, but rather each offense carries a separate and distinct $65.00 fee. If the $65.00 reinstatement fee were akin to an administrative charge or a true fee, it is more likely that it would be a single fee. This cumulative characteristic of the reinstatement fees supports the proposition that the fees indeed are in the nature of "penalties" as contemplated under 11 U.S.C. § 523(a)(7).

Additionally, the court finds that the subject restoration fees are not payable to the Department as "compensation for actual pecuniary loss." This is dictated primarily by the cumulative characteristics of the fees and by the fact that they are imposed after underlying convictions. It does not appear that the Department would expend significantly more resources in reinstating a driver's license to a person who owes one $65.00 reinstatement fee as opposed to a person who owes six $65.00 reinstatement fees. For these reasons this court finds that the statutory fees are not payable to the Department as compensation for actual pecuniary loss.

■ For a "debt" to be nondischargeable under 11 U.S.C. § 523(a)(7) not only must it be a debt for a "fine, penalty, or forfeiture," but it must be a debt payable to and for the benefit of a "governmental unit" and "not compensation for actual pecuniary loss." The Bankruptcy Code defines a "governmental unit" as the "United States; State; Commonwealth; District; Territory; municipality; foreign state, *department,* agency, or instrumentality of the United States, ... [or] a State...." 11 U.S.C. § 101(27) (emphasis added). A "legislative charter, a governmental purpose, and an active interaction between the entity and the State are some of the characteristics of a governmental unit." *In re Kent,* 190 B.R. 196, 204 (Bankr. D.N.J.1995). Defendant, Tennessee Department of Safety, satisfies the requirements to be considered a "governmental unit" under the Bankruptcy Code. The Tennessee Department of Safety is a department of the State of Tennessee and fits within the plain language of the definition provided in 11 U.S.C. § 101(27).

By way of summary, the court finds that the contingent fees created and imposed by TENN.CODE ANN. § 55–12–129 are "claims" or "debts" under the broad definitions in the Bankruptcy Code. These "debts," however, are debts for a "penalty" and are payable to

---

**6.** It is noted that in *Kelly v. Robinson (In re Robinson),* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), the Supreme Court held that a criminal restitution obligation is a "debt" that may not be discharged in a chapter 7 case because it is a "fine" or "penalty" which is nondischargeable under 11 U.S.C. § 527(a)(7). Compare the Supreme Court's holding in *Pennsylvania Dep't of Pub. Welfare v. Davenport (In re Davenport),* 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990), that a criminal restitution obligation arising from a criminal prosecution and enforceable by the state through revocation of the debtor's probation is a "debt" that may be discharged in a chapter 13 case. See 11 U.S.C. § 1328(a). In 1990 the Congress responded and legislatively reversed *In re Davenport* by amending 11 U.S.C. § 1328(a) to expressly provide that criminal restitution debts are not dischargeable in chapter 13 cases. 11 U.S.C. § 1328(a)(3).

a "governmental unit," but "not for actual pecuniary loss;" and therefore, they are non-dischargeable debts in this chapter 7 case by virtue of 11 U.S.C. § 523(a)(7).

Based on the foregoing,

IT IS THEREFORE ORDERED AND NOTICE IS HEREBY GIVEN THAT the parties' joint motion for summary judgment is granted consistent with the foregoing. That is, the contingent statutory "debts" owed by Ms. Clayton to the Department in this chapter 7 case are nondischargeable penalties under 11 U.S.C. § 523(a)(7) and must be paid as one of the three preconditions to the Department's reissuance of a Tennessee driver's license to Ms. Clayton.