**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3620
_____

In re:  JOSE ANTONIO LOPEZ,
                                                    Appellant

JOSE ANTONIO LOPEZ

v.

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA; DAVID WASSON, III
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 2-12-cv-05037)
District Judge:  Honorable Mitchell S. Goldberg
_____

Argued:  June 10, 2014
_____

Before: AMBRO, GREENBERG and BARRY, <u>Circuit Judges</u>

(Opinion Filed: July 10, 2014)
_____

Henry J. Sommer, Esq. (Argued)
Consumer Bankruptcy Assistance Project
42 South 15th Street
4th Floor
Philadelphia, PA 19102

<u>Counsel for Appellant</u>

James C. Vandermark, Esq. (Argued)
City of Philadelphia

Law Department
5th Floor
1401 John F. Kennedy Boulevard
Philadelphia, PA 19102

Counsel for Appellees

Sharon M. Dietrich, Esq.
Jamie M. Gullen, Esq.
Community Legal Services
1424 Chestnut Street
Philadelphia, PA 19102

Counsel for Amicus Appellant

_____

OPINION
_____

BARRY, Circuit Judge

Appellant-debtor Jose Antonio Lopez seeks the discharge of roughly $1,367 in assorted unpaid costs and fees assessed by appellee First Judicial District of Pennsylvania ("FJD") in connection with seven state criminal proceedings initiated against him in the Court of Common Pleas of Philadelphia County.[1]  The FJD contends that the debt falls under an exception to discharge for certain "fine[s], penalt[ies], or forfeitures" as provided in 11 U.S.C. § 523(a)(7).  The Bankruptcy Court agreed, and the District Court affirmed.  We will vacate and remand for further proceedings.

I.

Between February 2006 to July 2008, Lopez was named as a defendant in seven

_____

[1] The Court of Common Pleas is administered by the FJD and appellee David Wasson, III.

criminal proceedings in the Court of Common Pleas. Neither the FJD, which maintains records of cases brought in that Court, nor Lopez, offered the Bankruptcy or District Courts any description of these proceedings – or even the outcomes – and the Courts were not provided with copies of the charging documents or judgments. The FJD did supply the Bankruptcy Court with docket sheets,[2] and, while not part of the appendix on appeal, we have retrieved them so that we might have at least some idea of what those seven criminal cases were about, and how they were resolved.

Various notations on the docket sheets indicate that Lopez was charged, one or more times, with committing theft from a motor vehicle, disorderly conduct, simple assault, harassment, and possession of a controlled substance. The precise disposition of all of those charges is unclear, although some appear to have resulted in incarceration, probation, or pre-trial diversion. The docket sheets also indicate that Lopez was instructed to pay certain amounts in fines, costs, and restitution, which he failed to do in full. In an attempt to collect, the FJD referred his account to a debt collector, filed liens, and entered at least one civil judgment against him, tacking, along the way, additional sums in collection fees onto the outstanding debt. Lopez recently paid the fines and restitution, but concedes that there remains $1,367.77 in unpaid costs and fees related to the seven criminal proceedings.

Whether that balance survived Lopez's bankruptcy is the issue before us. In 2009, Lopez filed for bankruptcy under Chapter 7 and received a general discharge pursuant to

---

[2] See Exs. A-H to FJD's Answer to Lopez's Mot. for Summ. J., Doc. No. 11 in Adversary Proceeding No. 12-0053 of Bankruptcy No. 09-13867, May 29, 2012.

3

11 U.S.C. § 727. A discharge under § 727 is subject to certain exceptions provided in 11 U.S.C. § 523. See 11 U.S.C. § 727(b) ("Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter . . ."). Section 523(a)(7) exempts from discharge any debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than [certain tax penalties not at issue in this case]."

Invoking the exception in § 523(a)(7), the FJD continued its collection efforts against Lopez. Lopez commenced an adversary proceeding in the Bankruptcy Court and moved for summary judgment, arguing that his entire debt was dischargeable because the various amounts comprising that debt were not fines, penalties, or forfeitures, but, rather, were imposed to finance court services and not for the purpose of punishing him. The parties stipulated that Lopez owed $1,716.77 "for total costs and fees related to seven (7) criminal court proceedings."[3] The $1,367.77 balance after his subsequent payment of fines and restitution consists of the following:

| | |
|---|---|
| Crime Victims Compensation Fund | $18.20 |
| Domestic Violence Compensation | $50 |
| Victim/Witness Services Fund | $25 |
| Criminal Lab Fees | $135 |
| Firearm Education and Training Fund | $15 |
| Offender Supervision Program | $250 |
| State Court Costs | $40.90 |
| Commonwealth Costs | $41.70 |

---

[3] Stipulation of Facts, Doc. No. 14 in Adversary Proceeding No. 12-0053 of Bankruptcy No. 09-13867, June 28, 2012.

| | |
|---|---|
| County Court Costs | $183.40 |
| Judicial Computer Project Fees | $24 |
| Access to Justice | $6 |
| Clerk of Quarter Sessions Fees | $150 |
| Diversion Program Fees | $115 |
| Lien Filings | $74 |
| Collection Fees | $238.57 |

The stipulation does not identify the proceeding or proceedings to which each amount is attributable, and no authority was cited, in the stipulation or otherwise, for any of the amounts imposed.

Notwithstanding the paucity of factual detail, the Bankruptcy Court determined that the stipulated debt was, in its entirety, nondischargeable in light of Kelly v. Robinson, 479 U.S. 36, 50 (1986), which held that "§ 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." The Bankruptcy Court did not, however, explain why it considered the amounts owing to have been imposed as part of Lopez's criminal sentences. Nor could it have done so, because the record before it offered no clear answer to that central question.

The District Court affirmed. While, to be sure, it explained why it had concluded that costs and collection fees were imposed as part of Lopez's criminal sentences, that reason was wrong. The District Court found that Lopez "admit[ted] that the court costs were imposed as part of the judgment entered by the state court," citing an allegation in Lopez's complaint. (App. at 4.) But in the cited allegation, Lopez mentions only that a *civil* judgment was entered against him and that it included unspecified court costs, fines, and restitution, at a time, we note, before he was even accused of some of his crimes. In

5

any event, there is no reason to believe that, in that civil case, costs and fees were being imposed "as part of a criminal sentence."

The case remains underdeveloped before us. Indeed, at oral argument, both sides struggled to provide even the most basic description of Lopez's criminal history much less tell us what was provided in the judgments of sentence. We will remand to the District Court for it to remand to the Bankruptcy Court. We assume that the parties will provide the Bankruptcy Court with sufficient information such that it can now make the requisite factual determinations.

## II.

We offer some observations and, perhaps, some guidance. First, every cost imposed as part of a state criminal sentence (subject only to the "two qualifying phrases" in § 523(a)(7) that the cost "be both 'to and for the benefit of a governmental unit,' and 'not compensation for actual pecuniary loss'") is exempt from discharge in a Chapter 7 bankruptcy, regardless of whether the intention of the sentencing court in imposing the cost, or of the state legislature in authorizing or requiring the cost to be imposed, was to punish the offender. Kelly, 479 U.S. at 51 (quoting 11 U.S.C. § 523(a)(7)). That much follows directly from Kelly's holding that "§ 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." Id. at 40 (emphasis added). The breadth of that holding prohibits bankruptcy courts from searching for a reason, other than those provided by the two qualifying phrases quoted above, to discharge some financial obligations imposed at sentencing and not others.

6

Moreover, the Kelly Court clearly did what it did "in light of the history of bankruptcy court deference to criminal judgments," id. at 44, and to avoid "federal remission of judgments imposed by state criminal judges," id. at 49.

On remand, and assuming that the requisite information has been provided, amounts that were not imposed as part of a criminal sentence, and are plainly not "fines," "penalties," or "forfeitures," should be discharged without hesitation. We note, however, that amounts that are entirely separate from a criminal sentence may be exempt from discharge if they satisfy the plain meaning of the words "fine, penalty, or forfeiture." See In re Gi Nam, 273 F.3d 281, 287 (3d Cir. 2001) (debt owed by a bond surety for a defendant's failure to appear is a nondischargeable "forfeiture"). We note, as well, that although we view certain of the amounts – collection and lien filing fees, e.g. – as potential candidates for discharge, the record is bereft of detail.[4] We leave it to the Bankruptcy Court to determine which, if any, parts of the stipulated debt are exempt from discharge, and which are not.

We authorize any appeal of the Bankruptcy Court's decision on remand to proceed directly to us should either the Bankruptcy Court or the District Court provide the appropriate certification. See 28 U.S.C. 158(d).

---

[4] The Bankruptcy Court should also consider whether the collection fees were "payable to and for the benefit of a governmental unit" and "not compensation for actual pecuniary loss." The record provides some indication that the fees were either payable to and for the benefit of a private debt collector, or payable to and for the benefit of the FJD, but only as compensation for losses the FJD incurred by securing private debt collection services.