# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 16-6012

_____

In re: Jacob Jerome Milan; Ashley Kaye Milan

*Debtor*s

------------------------------

County of Dakota

*Plaintiff - Appellant*

v.

Jacob Jerome Milan

*Defendant - Appellee*

Ashley Kaye Milan

*Defendant*

_____

Appeal from United States Bankruptcy Court
for the District of Minnesota - St. Paul

_____

Submitted: August 12, 2016
Filed: September 22, 2016

_____

Before SCHERMER, NAIL and SHODEEN, Bankruptcy Judges.

_____

SHODEEN, Bankruptcy Judge.

County of Dakota appeals the bankruptcy court's[1] order and judgment discharging the debt owed to it by Jacob Milan for costs incurred related to his incarceration. We have jurisdiction of this appeal from entry of the bankruptcy court's final order pursuant to 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## BACKGROUND

The Dakota County Jail is operated by the Dakota County Sheriff's Office ("DCSO"). Room and board costs for each prisoner in its custody exceed $100 per day. The DCSO imposes a fixed rate for a portion of these costs against criminally convicted inmates ("Incarceration Costs"), commonly referred to as "pay to stay" that is expressly authorized under Minnesota law.[2] The current rate of $25 per day was proposed by the DCSO and approved by the Dakota County Board.

Over the course of several years Milan was incarcerated in the Dakota County Jail for a cumulative 179 days following various criminal convictions. In 2014, Milan filed a Chapter 7 bankruptcy petition which included his Incarceration Costs as a non-priority unsecured debt. Dakota County filed an adversary proceeding seeking to have its debt in the amount of $3,504.77 excepted from discharge pursuant to 11 U.S.C. § 523(a)(7).

Cross motions for summary judgment were filed by the parties. Dakota County's motion for summary judgment was denied and summary judgment was granted in favor of Milan based upon the bankruptcy court's determination that the Incarceration Costs did not meet the statutory requirements to be excepted from discharge under the statute.

---

[1] The Honorable Katherine A. Constantine, United States Bankruptcy Judge for the District of Minnesota.
[2] Minnesota Statutes Section 641.12, subdivision 3.

STANDARD OF REVIEW

This appeal arises from entry of an order and judgment on cross motions for summary judgment involving an issue of statutory interpretation, which are both subject to de novo review.  *See Behlmann v. Century Sur. Co.,* 794 F.3d 960, 962 (8th Cir. 2015); *Roubideaux v. N.D. Dep't of Corr. and Rehab.,* 570 F.3d 966, 972 (8th Cir. 2009).

DISCUSSION

The bankruptcy code precludes discharge of a debt for a fine, penalty or forfeiture owing to a governmental unit[3] unless it is pecuniary in nature.  *See* 11 U.S.C. § 523(a)(7); *Kelly v. Robinson,* 479 U.S. 36 (1986).  Whether a debt is dischargeable based upon these factors is easily determined when the words "fine, penalty, or forfeiture" appear as the basis for the debt or when the obligation arises in the context of a criminal proceeding or is contained in a court order.  *Id.* at 50-53.  Because the Incarceration Costs are not identified as a fine or penalty, were not ordered by the state criminal court, and were not a condition of Milan's sentence, the procedural and substantive characteristics of the debt must be examined to determine whether the discharge exception under § 523(a)(7) applies.

1.     Fine, Penalty or Forfeiture

We agree with Dakota County that 11 U.S.C. § 523(a)(7) does not require a court order to impose a debt with the characteristics of a fine or penalty.  *See Lopez v. First Judicial Dist. of Pa.* (*In re Lopez*), 579 F. App'x. 100, 103 (3d Cir. 2014) (citing *In re Gi Nam*, 273 F.3d 281, 287 (3d Cir. 2001)).  To be excepted from discharge such a debt must be penal in nature, and must serve some punitive or rehabilitative governmental aim which may be shown directly through statutory or regulatory language that indicates an intent to punish a debtor.  *Neb. ex rel. Linder v. Strong* (*In re Strong*), 305 B.R. 292, 296 (B.A.P. 8th Cir.); *In re Miller*, 511 B.R. 621, 631 (Bankr. W.D. Mo. 2014).  The fact that the Minnesota statute authorizing

---

[3] The statutory requirement that the debt be owed to a governmental unit is not at issue in this case.

the Incarceration Costs is part of the state's administrative code, not the criminal code, is not dispositive of this issue.

Debts arising outside the criminal process have been determined to be penal when they are imposed as a direct result of punishment for wrongdoing. *See Tenn. v. Hollis* (*In re Hollis*)*,* 810 F.2d 106, 108 (6th Cir. 1987) (costs ordered as condition of probation are not dischargeable); *Gallagher v. City of Chicago* (*In re Gallagher*)*,* 71 B.R. 138, 139-40 (Bankr. N.D. Ill. 1987) (city imposed traffic citations constitute a fine or penalty). Cases arising under other sections of the Bankruptcy Code provide further guidance on what types of obligations constitute a fine or penalty. *See In re Miller*, 511 B.R. 621 (Bankr. W.D. Mo. 2014) (finding violation of a discharge injunction for collection of intervention fees imposed by a corrections department were not part of any punishment for wrongdoing and were not substantively penal in nature); *In re Reimann,* 436 B.R. 564 (Bankr. E.D. Wis. 2010) (action for violation of stay denied where debt arose from medical services which resulted from a major offense under inmate disciplinary rules); *State of Wis. v. Cole,* (Bankr. W.D. Wis. 1999) (disciplinary proceeding finding prisoner was involved in a battery and resulting debt arising from the conduct was non-dischargeable under 523(a)(8)). An entity outside of the criminal process may administer or impose an obligation that constitutes a fine or penalty under the bankruptcy code so long as it has a direct correlation to wrongful conduct and a resulting punishment.

Dakota County contends that but for Milan's conviction, he would not have been sentenced and incurred the daily fixed fee which provides a sufficient basis related to his punishment. This argument is not persuasive. Under the statute, whether to impose the Incarceration Costs, and in what amount, are left to the discretion of the correction agency; and these charges may be waived if it would constitute an undue hardship on an inmate or the inmate's immediate family. Minn. Stat. § 641.12(3)(b). These provisions are inconsistent with the concept of a fine or penalty imposed as a punishment for criminal conduct.

2.    Pecuniary Nature

Under 11 U.S.C. § 523(a)(7) the debt cannot be imposed as compensation for actual pecuniary loss. *Kelly*, 479 U.S. at 51. The parties concede that determination of this issue is closely tied to the determination of whether the Incarceration Costs

constitute a fine or penalty. *In re Miller*, 511 B.R at 631 (finding no cases in which a debt was determined to be both penal and compensatory, or both non-penal and non-compensatory).

*Kelly* and its progeny make clear that a compensatory element does not render an otherwise penal debt dischargeable. Rather, courts considering whether a debt is compensation for actual pecuniary loss may look to the extent that a debt creates a typical creditor-debtor relationship or represents an expenditure in furtherance of a public governmental duty. *See In re Zarzynksi*, 771 F.2d 304, 306 (7th Cir. 1985).

According to the DCSO's own pay-to-stay policy statement, the purpose of the Incarceration Costs is to allow Dakota County to "RECOUP A PORTION" of the costs of housing prisoners.[4] Once imposed, failure to pay the Incarceration Costs triggers collection under Minnesota's revenue recapture program. In spite of any arguments that could be advanced that the pay to stay program is not a traditional debtor-creditor relationship or that the costs of incarcerating convicted individuals are an expenditure for a governmental duty, the clear intent for the Incarceration Costs is pecuniary in nature.

## CONCLUSION

Upon our de novo review we conclude that the bankruptcy court committed no error in its determination that the Incarceration Costs are subject to discharge under 11 U.S.C. § 523(a)(7). Accordingly, the decision of the bankruptcy court is affirmed.

_____

---

[4] Dakota County, Minn,, Sheriff's Office Corr. Facility Policy and Procedure ch. 6.9.1.0 (2007) (Pg. 104 of 132, Doc. 10-1) (emphasis original).