**In re Barry Dale HOLLIS and Tammy Lanelle Hollis, Debtors.**

**STATE OF TENNESSEE, Plaintiff,**

v.

**Barry Dale HOLLIS, Defendant.**

**Bankruptcy No. 384–01755.**
**Adv. No. 384–0387.**

United States Bankruptcy Court,
M.D. Tennessee.

July 2, 1985.

Roy C. DeSha, Jr., Nashville, Tenn., for debtors.

Raymond S. Leathers, Asst. Atty. Gen., Nashville, Tenn., for plaintiff.

MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on cross motions for summary judgment. The plaintiff asserts that an award of costs assessed against the debtor by the Criminal Court of Sumner County, Tennessee, after the debtor plead guilty to a charge of selling marijuana is a nondischargeable fine pursuant to 11 U.S.C. 523(a)(7) (West 1979). The debtor responds that the assessment of costs is pecuniary in nature and, thus, is dischargeable. Upon consideration of the stipulations of fact, briefs of the parties, statements of counsel, and the entire record, the court holds that the costs of $408.75 assessed against the debtor are dischargeable and GRANTS the debtor's motion for summary judgment.

The following shall constitute findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The parties have stipulated to the facts. On March 14, 1984, the debtor entered a guilty plea in the Criminal Court of Sumner County, Tennessee, on four counts of selling marijuana. Pursuant to TENN.CODE ANN. 40–21–109 (1982), the Criminal Court held the matter in abeyance without entering a judgment of guilty and placed the defendant on probation for 11 months and 29 days. As a condition of his probation, the Criminal Court ordered the debtor to make a contribution of $480 to the "Gallatin Drug Fund" and to pay the costs of the action.

An itemized bill of costs totaling $408.75 was filed in the Criminal Court matter and assessed against the debtor. The debtor was allowed six months in which to pay the costs of the cause and 12 months in which to pay the "contribution".

On July 2, 1984, the debtor filed a Chapter 7 bankruptcy proceeding. On September 28, 1984, the State of Tennessee objected to the dischargeability of both the "contribution" and assessment of costs imposed by the Criminal Court of Sumner County,

Tennessee. Since the parties have agreed that the "contribution" is nondischargeable pursuant to Section 523(a)(7), the only issue before the court is whether the assessment of costs falls within the Section 523(a)(7) exception to discharge.

The Bankruptcy Code provides that a debt is nondischargeable to the extent it is "... for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, ...." 11 U.S.C. 523(a)(7) (West 1979). To make a determination under this section, the court must determine whether an assessment is penal or pecuniary in nature. Courts analyzing this section have focused on the congressional intent of the statute authorizing the assessment and the economic effect on the parties. *See Caggiano v. Boston*, 34 B.R. 449 (Bankr.Mass.1983); *Marshall v. Tauscher*, 7 B.R. 918 (Bankr.E.D.Wis.1981); *Tennessee v. Daugherty*, 25 B.R. 158 (Bankr.E.D. Tenn.1982).

The debtor has cited this court to the decision of *Caggiano v. Boston*, 34 B.R. 449 (Bankr.Mass.1983). In *Caggiano*, the court held that a $5 surcharge added to the defendant's parking fine was not penal and, accordingly, was dischargeable. The court noted that after the clerk was required to perform additional procedures, due to the nonpayment of the fine or nonappearance by the defendant, the surcharge was added. The court found this charge to be the recovery of a pecuniary loss due to the working expense involved in a renewed hearing, and not a penal fine.

In support of its position, the plaintiff cites this court to the decision of *United States v. Cox*, 33 B.R. 657 (Bankr.M.D.Ga. 1983). The *Cox* court held that an assessment of costs is penal in nature when the court has discretion in assessing the costs, and, thus, nondischargeable under 11 U.S.C. 523(a)(7) (West 1979).[1]

---

1. The plaintiff in this matter does not contend that the assessment of costs is not a debt under the Bankruptcy Code. Thus, the court need not address this issue. *See Ohio v. Kovacs*, —— U.S. ——, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985);

The court finds that the Sumner County Criminal Court's assessment of costs against the debtor is pecuniary. The judgment for costs is supported by an itemized statement reflecting the specific items for which the debtor is required to reimburse the State. The award was made a part of a criminal sentence, but is clearly designed to renumerate the State for an economic loss. The fact that the award was discretionary does not, by itself, provide a sufficient basis for this court to hold that the assessment was penal in nature. Accordingly, the court holds that the assessment of costs against the debtor by the Criminal Court of Sumner County is dischargeable. An appropriate judgment will be entered.

IT IS, THEREFORE, SO ORDERED.

*Brown v. Shriver*, 39 B.R. 820 (Bankr.M.D.Tenn. 1984); *Holder v. Dotson*, 26 B.R. 789 (Bankr.M. D.Tenn.1982); *Whitaker v. Lockert*, 16 B.R. 917 (Bankr.M.D.Tenn.1982).