PER CURIAM.
 

 ^ The appellant in this case challenges the decisions of the bankruptcy court and the district court for the Middle District of Tennessee that certain costs assessed against appellee as a condition of probation are subject to being discharged because appellee has filed for bankruptcy. This Court believes that the United States Supreme Court’s recent decision in the case of
 
 Kelly v. Robinson,
 
 — U.S. -, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), is controlling in this instance, and accordingly will reverse the district court’s decision affirming the decision of the bankruptcy court, and order that appellant’s motion for summary judgment be granted.
 

 
 *107
 

 Background
 

 The facts of the case are not disputed. Appellee Barry Dale Hollis entered a guilty plea in the Criminal Court of Sumner County, Tennessee on March 14, 1984 to four counts of selling marijuana. Tennessee law provides, in general, that a court may “defer further proceedings [against] and place ... on probation upon such reasonable conditions as it may require” any “person who has not previously been convicted of a felony or a misdemeanor” and who “is found guilty or pleads guilty to a misdemeanor which is punishable by imprisonment.” Tenn.Code Ann. § 40-21-109(a)(l) (1982). If such a person violates a condition of his probation, then “the court may enter an adjudication of guilt and proceed as otherwise provided.”
 
 Id.
 
 § 40-21-109(a)(2). If the person successfully completes his probation, then “the court shall discharge such person and dismiss the proceedings against him.”
 
 Id.
 
 Subject to other conditions, a person who has successfully completed his probation, and thus has been dismissed and had the proceedings against him discharged, may have all official records “relating to his arrest, indictment or information, trial, finding of guilty, and dismissal and discharge” expunged.
 
 Id.
 
 § 40-21-109(b).
 

 Pursuant to this statute, the criminal court placed Mr. Hollis on probation for a period of eleven months and twenty-nine days, and directed him to make a contribution of $480.00 to the Gallatin Drug Fund by December 11, 1984 and to pay the costs of the action, which amounted to $408.75, by June 11, 1985. The criminal court’s order of June 11, 1984 made it clear that the court considered the $480.00 contribution and the payment of $408.75 in costs to be conditions of appellee’s probation.
 

 On July 2, 1984 appellee filed for bankruptcy under Chapter 7 of the bankruptcy code. 11 U.S.C. §§ 701-66. On September 27, 1984 the State of Tennessee filed a complaint with the bankruptcy court in which it requested the court to declare appellee’s obligations to pay the $480.00 contribution and $408.75 in costs to be non-dischargeable debts pursuant to 11 U.S.C. § 523(a)(7).
 
 See id.
 
 § 727(c); Bankr.R. 4004-08. The parties agree that the $480.00 contribution is not a dischargeable debt. In an opinion issued on July 2, 1985, however, the bankruptcy court held that appellee’s obligation to pay $408.75 in costs is a dischargeable debt, and granted appel-lee’s motion for summary judgment on that issue.
 
 State of Tennessee v. Hollis (In re Hollis),
 
 53 B.R. 20 (Bankr.M.D.Tenn.1985). The bankruptcy court determined that the criminal court’s assessment of costs against appellee was pecuniary, and thus did not satisfy section 523(a)(7)’s requirement that the debt not be “compensation for actual pecuniary loss.”
 
 Id.
 
 at 21;
 
 see
 
 11 U.S.C. § 523(a)(7). On appeal by the State, the district court affirmed the bankruptcy court’s decision, adding to the bankruptcy court’s analysis its beliefs that the criminal court had not assessed the costs as part of the fine imposed on the appellee and that the State’s legislature has stated that costs “shall not be deemed part of the penalty” imposed in a criminal case. Tenn. Code Ann. § 40-24-105(b) (1982).
 

 Discussion
 

 In its appeal to this Court, the State argues that the lower courts erred in determining that the assessment of costs is a dischargeable debt. It argues that the assessment is not dischargeable because it was discretionary with the criminal court and imposed as a condition of probation, and therefore constitutes a part of appel-lee’s punishment. We note for the record that appellee did not file a brief with this Court and that the parties did not argue before us orally. We also note that the parties do not question whether the assessment of costs constitutes a “debt” under the bankruptcy code, and that the only issue before us therefore is whether the assessment is a nondischargeable debt pursuant to section 523(a)(7) of the code.
 
 See Hollis,
 
 53 B.R. at 21 n. 1;
 
 see also Kelly,
 
 — U.S. -, 107 S.Ct. at 361, 93 L.Ed.2d at 229 (declining to decide whether “Congress intended to make criminal penalties
 
 *108
 
 ‘debts’ within the meaning” of the bankruptcy code).
 

 Section 727(b) of the bankruptcy code provides in pertinent part that “[ejxcept as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter_” 11 U.S.C. § 727(b). Section 523(a) of the code provides in pertinent part that “[a] discharge under section 727 ... does not discharge an individual debtor from any debt — (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss....”
 
 Id.
 
 § 523(a)(7). To fall within the provisions of this section, a debt must satisfy three requirements: (1) it must be “for a fine, penalty, or forfeiture”; (2) it must be “payable to and for the benefit of a governmental unit”; and (3) it must not be “compensation for actual pecuniary loss.”
 
 See Kelly,
 
 at -, 107 S.Ct. at 362, 93 L.Ed.2d at 230. The debt at issue here clearly satisfies the second requirement; the issue is whether it is a penal sanction or rather a pecuniary measure designed to compensate the State for the expense it had incurred in prosecuting the criminal action against appellee.
 

 This issue requires the Court to delve behind the apparent meaning of section 523(a)(7). The assessment of costs against appellee clearly was intended, at least in part, to compensate the State for the expense it had incurred in prosecuting appel-lee in state criminal court. It thus appears not to satisfy the third requirement stated above. The Supreme Court stated in
 
 Kelly,
 
 however, that in this kind of case a court must consider the language of section 523(a)(7) “in light of the history of bankruptcy court deference to criminal judgments and in light of the interests of the States in unfettered administration of their criminal justice systems.”
 
 Kelly,
 
 at -, 107 S.Ct. at 358, 93 L.Ed.2d at 225. The Supreme Court’s consideration of these factors led it to conclude that “§ 523(a)(7) preserves from discharge
 
 any
 
 condition a state criminal court imposes as part of a criminal sentence.”
 
 Id.
 
 at -, 107 S.Ct. at 361, 93 L.Ed.2d at 229 (emphasis added). It noted in support of its holding that the criminal justice system operates primarily for the benefit of society as a whole and serves to fulfill the penal goals of the State, and that unlike most debts, a financial obligation imposed as a condition of probation does not arise out of a contractual, statutory, or common law duty, but rather is based on a State’s traditional penal obligations and goals.
 
 Id.
 
 at -, 107 S.Ct. at 362, 93 L.Ed.2d at 230;
 
 see also In re Zarzynski,
 
 771 F.2d 304, 306 (7th Cir.1985) (“what a county expends in a criminal prosecution” does not constitute an expense the county undertook “expecting to create a debtor-creditor relationship”).
 

 In light of the Supreme Court’s decision in
 
 Kelly,
 
 the issue before us here boils down to whether the state criminal court assessed costs against appellee as part of his criminal sentence. We believe that the answer to that issue is yes. The state criminal court clearly intended the assessment of costs to be a condition of appellee’s probation under section 40-21-109. Tenn. Code Ann. § 40-21-109 (1982). An assessment of costs, moreover, appears to be an appropriate condition of probation under this section.
 
 See id.
 
 (the court may place the person “on probation upon such reasonable conditions as it may require”);
 
 id.
 
 § 40-21-101 (a “trial judge may consider the payment of costs ... as a condition of probation”). We believe that section 40-24-105(b) of the Tennessee Code, which provides that costs “shall not be deemed part of the penalty” in a criminal case, and upon which the district court relied in reaching its decision, is displaced in this instance by the more specific provisions of section 40-21-109.
 

 In summary, we believe that the Supreme Court’s unequivocal holding in
 
 Kelly
 
 requires us to find that the criminal court’s assessment of costs against appellee does not constitute a dischargeable debt. 11 U.S.C. § 523(a)(7). We therefore REVERSE the contrary decision of the district court, and REMAND with directions that
 
 *109
 
 the district court grant appellant’s motion for summary judgment.