In re Johnnie R. NEIL, and Deborah S. Neil, Debtors.

UNITED STATES of America, Plaintiff,

v.

Johnnie R. NEIL, Defendant.

Bankruptcy No. 90–50398–7.
Adv. No. 91–5010.

United States Bankruptcy Court,
W.D. Missouri,
St. Joseph Division.

Sept. 5, 1991.

Judith Strong, Kansas City, Mo., for plaintiff.

Edward A. Coulson, Kansas City, Mo., for defendant.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

The matters before the Court are the complaint to determine dischargeability of debt, and the motions for summary judgment filed by each party. The Court has jurisdiction over these matters pursuant to 28 U.S.C. § 1334(b), and may enter final orders pursuant to 28 U.S.C. § 157(b)(2). For the reasons stated below, the Court sustains the summary judgment motion of the United States of America and denies the motion of debtor Johnnie R. Neil.

The material facts are undisputed. On September 20, 1990, debtors filed their joint Chapter 7 bankruptcy petition. On March 15, 1991, debtors filed a motion seeking to add the United States as a creditor to their list of unsecured creditors. On February 28, 1991, Mr. Neil had been sentenced by the United States District Court for the Western District of Missouri, in Criminal Case No. 88–00110–CR–W–8, for the offenses of conspiracy to distribute cocaine and possession with intent to distribute cocaine. (28 U.S.C. §§ 841 and 846) As part of his sentence, Mr. Neil was ordered to pay a fine in the amount of $7,000.00. The issue in this case is whether that fine is dischargeable.

The Amended Judgement entered in Mr. Neil's criminal case is contained in a form which includes the following language:

### FINE

The defendant shall pay a fine of *$7,000.00.* The fine includes any costs of incarceration and/or supervision ... If the fine is not paid, the Court may sentence the defendant to any sentence which might have been originally imposed ...

Mr. Neil was incarcerated on February 1, 1991 at the Federal Prison Camp in Lewisburg, Pennsylvania. He was scheduled to be released from custody sometime during the month of August, 1991. After his release from confinement, Mr. Neil is to remain on supervised release for an additional three years. The daily cost of debtor's

incarceration was $44.98 per day. The cost of Mr. Neil's supervised release depends upon the level of supervision provided; at a minimum, the daily cost is $7.96.

11 U.S.C. § 523(a)(7) provides:

A discharge under Section 727 . . . of this title does not discharge an individual debtor from any debt—

to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

. . . . .

The issue in this case is whether the debtor's fine constitutes a dischargeable debt. Debtor's position is that the language of the District Court's judgment shows that the $7,000 fine serves the purpose of reimbursing the government for costs incurred by it in his incarceration. He argues that this fine therefore represents an actual pecuniary loss to the government, and should be dischargeable. The debtor suggests that because the costs to the government of his incarceration and supervision will exceed $7,000.00, no "fine" remains. The government argues that payment of the costs of incarceration is penal in nature in the same manner as the fine itself, and is not payment of actual pecuniary loss within the meaning of Section 523(a)(7).

Federal Rule of Civil Procedure 56 is incorporated into adversary actions pursuant to Federal Bankruptcy Rule 7056. Summary judgment is only available if there is no genuine issue as to any material fact, and the facts, when viewed in the light most favorable to the non-moving party, show that the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In the present matter, I conclude that the fine of $7,000.00 is nondischargeable.

In *Kelly v. Robinson*, 479 U.S. 36, 52, 107 S.Ct. 353, 362, 93 L.Ed.2d 216 (1986), the Supreme Court considered whether court-ordered restitution, as a condition of probation, is a dischargeable debt. The debtor had been convicted of larceny for the wrongful receipt of welfare benefits. She contended that the restitution condition was imposed to compensate the state for the pecuniary loss it had suffered and that, therefore, Section 523(a)(7) did not preclude the dischargeability of the obligation. In finding the restitution obligation nondischargeable, the Court concluded that: "[c]riminal proceedings focus on the [government's] interests in rehabilitation and punishment, rather than the victim's desire for compensation, . . . restitution orders imposed in such proceedings operate 'for the benefit of' the [government]" and not " 'for . . . compensation' of the victim." 479 U.S. at 53, 107 S.Ct. at 362–63.

Here, the obligation that Mr. Neil wishes to discharge does not even rise to the level of restitution. He argues, in effect, that the fine was imposed to compensate the government for the costs incurred by it in housing him, and in supervising his release. But the amount of the fine was in no way tied to such costs. In fact, while the actual cost to the government apparently will be in excess of the fine imposed, Mr. Neil will not be billed for the difference. By the same token, if he had paid a fine in excess of such costs, he would not be entitled to a refund. The statutes under which this fine was imposed make no reference to such fines being used to compensate anyone for pecuniary loss. And the fine here was not imposed so as to provide compensation to the victims of Mr. Neil's criminal activity. Instead, such fine was imposed in furtherance of society's interest in rehabilitation and punishment, which interest underlies the criminal statutes involved.

Consequently, the summary judgment motion of the United States should be sustained, and the summary judgment motion of the debtor should be denied. A separate Order will be entered directing the Clerk of the Court to enter judgment in favor of the United States.