In re Thomas L. MAXWELL, Debtor.

Carlisle County Fiscal Court, Plaintiff,

v.

Thomas L. Maxwell, Defendant.

Bankruptcy No. 96–51039(2)7.

Adversary No. 97–5027.

United States Bankruptcy Court,
W.D. Kentucky,
Louisville Division.

Dec. 17, 1998.

James V. Kerley, Paducah, KY, for debtor.

Harry Mathison, Henderson, KY, trustee.

Michael W. Hogancamp, Bardwell, KY, for plaintiff, Carlisle County Fiscal Court.

## *MEMORANDUM–OPINION*

J. WENDELL ROBERTS, Bankruptcy Judge.

This bankruptcy action was brought by Plaintiff, Carlisle County Fiscal Court ("Carlisle County"), for a determination that the debt of the Debtor/Defendant, Thomas L. Maxwell ("Debtor"), be excepted from discharge, under 11 U.S.C. § 523(a)(7). In this case, Maxwell was incarcerated as a result of a DUI conviction, and as a part of the Criminal Judgment entered against him was additionally ordered to repay the cost of his incarceration. The Court is now faced with the unusual question of whether repayment of the cost of incarceration constitutes a debt excepted from discharge under § 523(a)(7). Carlisle County characterizes the debt against Maxwell as a debt for a fine, penalty or forfeiture payable to and for the benefit of a governmental unit within the purview of § 523(a)(7), and therefore an exception to Maxwell's discharge under Chapter 7 of the Bankruptcy Code. In further support of its position, Carlisle County argues that repayment of incarceration expenses is not compensation for actual pecuniary loss; thus, it fits squarely within the scope of § 523(a)(7).

The parties have filed a Stipulation of Facts, and have agreed to submit this case on their briefs for a judicial determination. The Court has fully reviewed the entire file, including the various memorandums filed by both parties, and has conducted additional research on this matter. Based upon this review, the Court finds that the debt is non-dischargeable, pursuant to § 523(a)(7). Accordingly, for the reasons set forth below,

the Court sustains Carlisle County's Objection to Discharge.

## II. FACTS

Carlisle County's claim arises from a judgment rendered by the Carlisle County District Court. On September 22, 1995, Maxwell was convicted of driving under the influence of alcohol ("DUI"), his third offense within five years.[1] Maxwell was ordered to pay a fine of $1,000.00, Court costs of $77.50, and sentenced to nine months incarceration in the Hickman County Detention Center. In addition, Maxwell was ordered to pay the cost of his confinement, amounting to $5,940.00.

In 1996, Maxwell filed for protection under Chapter 7 of the Bankruptcy Code. He listed Carlisle County as a Creditor. On March 12, 1997, Maxwell received his discharge in bankruptcy. On November 24, 1997, Carlisle County filed this adversary proceeding for a determination of dischargeability under § 523(a)(7) regarding Maxwell's obligation to repay his incarceration expenses.

In answer to Carlisle County's Complaint, Maxwell asserts that the incarceration fee is dischargeable, because: (1) Carlisle County did not file a proof of claim, nor did it object to the discharge during the bankruptcy proceeding; and (2) the cost of incarceration does not fall within the scope of § 523(a)(7), because it is a reimbursement for a pecuniary loss.

## III. LEGAL DISCUSSION.

### A. CARLISLE COUNTY IS NOT TIME-BARRED FROM SEEKING A DETERMINATION OF NONDISCHARGEABILITY UNDER § 523(A)(7).

■ At the outset, Maxwell argues that Carlisle County's Objection is untimely. Section 523(c) and Federal Rule of Bankruptcy Procedure 4007 govern objections and time limitations for dischargeability actions.

*In re Spencer,* 182 B.R. 263, 265 (Bkrtcy. E.D.Cal.1995). Section 523(c) requires a creditor to object within a specified time frame to the dischargeability of debts set forth under the following four paragraphs of § 523(a): § 523(a)(2), for false pretenses, a false representation, or actual fraud; § 523(a)(4), for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; § 523(a)(6), for willful and malicious injury by the debtor to another entity or to the property of another entity; and § 523(a)(15), for obligations incurred in divorce other than alimony or child support. 11 U.S.C. Section 523(c). Complaints to determine the dischargeability of debts excepted from discharge under those paragraphs must be filed "not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." Fed. Rule of Bankruptcy Procedure 4007; *In re Spencer,* 182 B.R. at 265.

On the other hand, a dischargeability complaint other than those set forth in § 523(c) "may be filed *at any time.*" Fed. Rule of Bankruptcy Procedure 4007(b) (emphasis added). Thus, all other complaints filed to determine dischargeability under § 523 do not have any time limit. *See* Fed. Rule of Bankruptcy Procedure 4007, Committee Notes.

Both parties agree the issue in this case is whether the incarceration expenses are nondischargeable under § 523(a)(7). Carlisle County's cause of action does not fall under § 523(c), and therefore, it was not required to file the adversary proceeding before the expiration of any time limit. The Court rejects Maxwell's argument that this action was untimely filed.

### B. THE COST OF INCARCERATION IS NONDISCHARGEABLE UNDER § 523(a)(7).

■ Maxwell's second argument concerns the merits of Carlisle County's § 523(a)(7) claim. The Court begins with a review of the language of that section. Section 523(a)(7) makes nondischargeable any debt "to the

---

1. The Court notes a discrepancy between Maxwell's first Stipulation of Facts filed March 4, 1998, saying that this conviction was for a third offense within five years, and his subsequent stipulation that the conviction was for a fourth offense within five years.

extent such debt is for a fine, penalty, or forfeiture, payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss." 11 U.S.C. Section 523(a)(7).

Both parties stipulate that Carlisle County is a governmental unit. Maxwell further agrees that the fine and court costs are nondischargeable. However, he argues that the cost of his incarceration is distinguishable. He asserts it is a debt which is designed to compensate the government for actual pecuniary loss, rather than being in the nature of a fine or penalty.

1. *The Supreme Court and Sixth Circuit's interpretation of Section 523(a)(7) as it applies to fines and penalties.*

In 1986, the Supreme Court addressed a similar issue. In *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), the Court held that restitution obligations, imposed upon a criminal defendant as a condition of her probation in state criminal proceedings, were not subject to discharge in Chapter 7 proceedings. Specifically, the Court held that Section 523(a)(7) preserves from discharge "any condition a state criminal court imposes as part of a criminal sentence." *Id.,* 479 U.S. at 36, 107 S.Ct. at 354.

In *Kelly,* the Court first noted that despite the language of the earlier Bankruptcy Act of 1898 that apparently allowed criminal penalties to be discharged, "most courts refused to allow a discharge in bankruptcy to affect the judgment of a state criminal court." *Id.,* 479 U.S. at 45, 107 S.Ct. at 358–59 (*citing In re Moore,* 111 F. 145, 148–49 (W.D.Ky.1901)). Moreover, the Court noted that by the time Congress enacted the new Code in 1978, this reasoning was so widely accepted that "a leading commentator could state flatly that 'fines and penalties are not affected by a discharge.' " *Id.,* 479 U.S. at 46, 107 S.Ct. at 359 (*quoting* 1A Collier on Bankruptcy Sec. 17.13, pp. 1609–1610, and n. 10 (14th ed.1978)). Thus, the Court concluded that Congress enacted the Bankruptcy Code in 1978 against the background of an established judicial exception to discharge for criminal sentences, including restitution orders. *Id.,* 479 U.S. at 46, 107 S.Ct. at 359.

The Court also stressed in *Kelly* the fundamental policy of federalism as a basis for precluding federal interference with state criminal prosecutions; thus, justifying the exception to discharge for criminal sentences, including restitution orders. *Id.,* 479 U.S. at 47, 107 S.Ct. at 360 (*quoting Younger v. Harris,* 401 U.S. 37, 46, 91 S.Ct. 746, 751, 27 L.Ed.2d 669 (1971)). The Court reiterated, "[o]ur interpretation of the Code also must reflect the basis of this judicial exception, a deep conviction that federal bankruptcy courts should not invalidate the results of state criminal proceedings." *Id.*

With the history of the earlier Bankruptcy Act and a strong policy of federalism in mind, the Court in *Kelly* studied the language of Section 523(a)(7). Noting that "[n]owhere in the House and Senate Reports is there any indication ... that Congress had intended to discharge state criminal sentences," the Court held that Section 523(a)(7) codified the judicially created exception to discharge for traditional criminal fines. *Id.,* 479 U.S. at 50–51, 107 S.Ct. at 361, 362.

In holding that the debtor's restitution fine was a traditional criminal fine, the Court reasoned:

the decision to impose restitution generally does not turn on the victim's injury, but on the penal goals of the State and the situation of the defendant.... "Unlike the contractual, statutory or common law duty, here obligation is rooted in the traditional responsibility of a state to protect its citizens by enforcing its criminal statutes and to rehabilitate an offender by imposing a criminal sanction intended for that purpose."

*Id.,* 479 U.S. at 52, 107 S.Ct. at 362 (*quoting In re Pellegrino,* 42 B.R. 129, 133 (1984)).

In sum, the Supreme Court decided in *Kelly* that any condition imposed by a state criminal court as part of a criminal sentence is excepted from discharge in bankruptcy by § 523(a)(7), including restitution obligations imposed on a criminal defendant as a condition of probation.

The Sixth Circuit followed the *Kelly* decision, in 1987, holding that a criminal court's cost assessment, which was intended as a condition of the debtor's probation under a state statute, was not dischargeable in Chapter 7. *See In re Hollis*, 810 F.2d 106 (6th Cir.1987). In *Hollis*, the Sixth Circuit reversed the Bankruptcy Court's holding that the debt was dischargeable. The bankruptcy court had erroneously concluded that the assessment of costs against the debtor was intended solely as reimbursement for a pecuniary loss. *In re Hollis*, 53 B.R. 20, 21 (Bkrtcy.M.D.Tenn.1985). The Bankruptcy Court noted,

> [t]he judgment for costs is supported by an itemized statement reflecting the specific items for which the debtor is required to reimburse the State. The award was made a part of a criminal sentence, but is clearly designed to renumerate the state for an economic loss. The fact that the award was discretionary does not, by itself, provide a sufficient basis for this Court to hold that the assessment was penal in nature.

*Id.*

The District Court affirmed the decision, adding to the Bankruptcy Court's analysis, that the Tennessee State Legislature had stated that costs "shall not be deemed part of the penalty" imposed in a criminal case. *In re Hollis*, 810 F.2d at 107 (citing Tenn.Code Ann. § 40–24–105(b) (1982)).

The Sixth Circuit reversed the lower courts' rulings, however, stressing that "in this kind of case a court must consider the language of § 523(a)(7) 'in light of the Bankruptcy Court's deference to criminal judgments and in light of the interests of the States in unfettered administration of their criminal justice systems.'" *Id.*, 810 F.2d at 108 (*quoting Kelly v. Robinson*, 479 U.S. at 44, 107 S.Ct. at 358). Just as in *Kelly*, with the interests of the state in mind, the Sixth Circuit compared two sections of the Tennessee Code: the section governing conditions of probation and the section governing costs. The Sixth Circuit determined that the Code section governing conditions of probation was controlling over the section governing costs, stating:

> We believe that Section 40–24–105(b) which provides that costs "shall not be deemed part of the penalty in a criminal case," and upon which the district court relied, is displaced ... by the more specific provisions of Section 40–21–109 ... the court may place the person "on probation upon such reasonable conditions as it may require."

*Id.*, 810 F.2d at 108. The Sixth Circuit concluded that the state criminal court's assessment of costs was part of the debtor's criminal sentence, and therefore, was non-dischargeable under § 523(a)(7). *Id.; See also Hardenberg v. Commonwealth of Virginia Dept. of Motor Vehicles*, 42 F.3d 986 (6th Cir.1994) (fines and costs imposed as punishment for state criminal convictions constitute debts that cannot be discharged in a Chapter 7 proceeding).

The only difference between *Hollis* and the case at bar is that in this case, costs were not assessed as part of the Debtor's *condition of probation*. Rather, Maxwell was sent to jail, and the cost at issue pertains to the *cost of his incarceration*. The issue of whether the cost of incarceration is penal in nature, and therefore, part and parcel with a defendant's criminal sentence, is a novel issue in both the Sixth Circuit and this Court. In order to decide this issue, the Court must look to Kentucky State law and the intention of the Kentucky Legislature.

2. *The Kentucky Legislature intended the costs of incarceration to be part of a defendant's criminal sentence, and thus, penal in nature.*

Maxwell's conviction of DUI for a third offense within a five year period is based upon a violation of K.R.S. 189A.010, Section 10. The sentencing guidelines that pertain to Maxwell's offense read:

> [f]or a third offense within a five (5) year period, be fined not less than five hundred dollars ($500) nor more than one thousand ($1000) and shall be imprisoned in the county jail for not less than thirty (30) days nor more than twelve (12) months and may, in addition to fine and imprisonment, be sentenced to community labor for

not less than (10) days nor more than twelve (12) months.

K.R.S. 189A.010(4)(c), Section 10.

In addition, subject to the provisions of K.R.S. Chapter 534 which deals with "fines," Maxwell was ordered to pay the cost of his incarceration. In pertinent part, K.R.S. 534.045 states:

(1) Pursuant to a conviction of a misdemeanor, including traffic offenses, where a person is sentenced to incarceration in the county jail, the District Court may assess a reimbursement fee to help defray the expenses of the prisoner's room and board. The reimbursement fee *shall not exceed twenty-five percent (25%) of the prisoner's gross daily wages or forty dollars ($40) per day, whichever is less.*

(2) *In determining whether a reimbursement fee as described in subsection (1) of this section is to be assessed, and in establishing the amount of the fee the court shall consider evidence relevant to the prisoner's ability to pay the fee.*

(3) After considering all relevant evidence to the issue of the prisoner's ability to pay, the court shall enter as part of its judgment the amount of the reimbursement fee, if any, that shall be paid by the prisoner ... *The fee shall bear a reasonable relationship to the person's income.*

K.R.S. 534.045(1), (2), and (3) (emphasis added).

In *Bowles v. Farmers Nat. Bank of Lebanon, Ky.,* 147 F.2d 425 (6th Cir.1945), the Court said, "[t]he basic test whether a law is penal in the strict and primary sense is whether the wrong sought to be redressed is a wrong to the public or a wrong to the individual." *Id.,* at 428 (*citing Huntington v. Attrill,* 146 U.S. 657, 668, 13 S.Ct. 224, 36 L.Ed. 1123 (1892)). Moreover, "[p]enal laws include statutes imposing a penalty, fine or punishment for certain offenses of a public nature." *Black's Law Dictionary,* West Publishing Co., Fifth Edition (1979); *See also Beane v. Commonwealth,* 736 S.W.2d 317, 318 (Ky.1987) (mandatory service fee imposed under K.R.S. 189A.050 and made subject to the provisions of K.R.S. Chapter 534

is an additional criminal penalty, not an administrative function).

Thus, the fact that the Kentucky Legislature enacted K.R.S. 534.045 as part of the Kentucky Penal Code under the Chapter entitled "Fines" for those convicted of misdemeanor criminal offenses, makes it apparent to the Court that K.R.S. 534.045 is a penal statute enacted to redress a wrong to the public.

In addition, the fact that the fine collected pursuant to K.R.S. 534.045 is described as a "reimbursement fee to help defray the expenses of the prisoner's room and board" does not bear upon whether the statute is penal in nature. *See Bowles,* 147 F.2d at 429 (the fact that treble damages may compensate the government for general expenses of administration and investigation does not bear upon the question of whether recovery is penal in nature); *See also U.S. Dept. of Housing & Urban Development v. Cost Control Marketing & Sales Management,* 64 F.3d 920, 928 n. 13 (4th Cir.1995), *cert. denied,* 517 U.S. 1187, 116 S.Ct. 1673, 134 L.Ed.2d 777 (1996) (even where a debt is intended to help defray the expense of government, it may not be so dischargeable if its primary purpose is penal); *In re Neil* 131 B.R. 142, 143 (Bkrtcy.W.D.Mo.1991) (criminal fine which included costs of incarceration was imposed to reimburse the government for costs incurred by it in furtherance of society's interest in rehabilitation and punishment); *In the Matter of Zarzynski,* 771 F.2d 304, 306 (7th Cir.1985) (criminal court costs can be viewed as part of the penalty even though it is a penalty measured by the extent of certain county expenditures at trial).

Finally, the wording of K.R.S. 534.045 signifies the legislative intent that the statute is to be penal in nature. The insistence that "[t]he reimbursement fee shall not exceed twenty-five percent (25%) of the prisoner's gross daily wages or forty, dollars ($40) per day, *whichever is less* [,]" raises into doubt that the legislature intended to merely make the government whole. *See Bowles,* 147 F.2d at 429; *See also In re Neil,* 131 B.R. at 143 (fine was in no way tied to the cost of compensation to the government where the fine

apparently was less than the actual cost to the government); *United States v. WRW Corporation,* 986 F.2d 138, 145 (6th Cir.1993) (penalty under Federal Mineral Safety Act is not compensation for actual pecuniary loss, even though it is rationally related to the goal of making the government whole, because the size of the penalty was not calculated according to *actual* pecuniary loss).

Thus, the Court concludes the Kentucky Legislature intended for the cost of incarceration imposed pursuant to K.R.S. 534.045 to be penal in nature, rather than compensatory. Even though the fee helps to defray the cost of incarceration expenses, it never makes the government whole.

### IV. CONCLUSION

In conclusion, in light of both the history of Bankruptcy Courts' deference to criminal judgments and the interest of the State of Kentucky in unfettered administration of its criminal justice system, the Court finds the cost of incarceration to be nondischargeable. Accordingly, the Court will by separate Order enter a Judgment on behalf of the Plaintiff, Carlisle County Fiscal Court, determining the debt owed to it by Debtor/Defendant, Thomas L. Maxwell, to be nondischargeable under § 523(a)(7) in the amount of $7,017.50.