**In re Jonathan Pickett COLE, Debtor.**

**State of Wisconsin, Plaintiff,**

**v.**

**Jonathan Pickett Cole, Defendant.**

**Bankruptcy No. 98–30426–7.
Adversary No. 98–3070–7.**

United States Bankruptcy Court,
W.D. Wisconsin.

April 23, 1999.

---

8. The trustee does not provide any information on what the new dividend would be ex-     cept that it would be "negligible."

418

Mr. Richard E. Braun, State of Wisconsin Dept. of Justice, Madison, WI, for plaintiff.

Mr. Jonathan P. Cole, Sturtevant, WI, for defendant.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Chief Judge.

The facts of this case were set out in a memorandum decision dated December 23, 1998. Following that decision, the State of Wisconsin filed a motion for summary judgment on January 7, 1999. The debtor's brief in response and the state's reply were received on time.

The evidentiary burden in a motion for summary judgment was succinctly summarized in *In re Balay:*

> The movant has the burden to demonstrate that there is no genuine issue of material fact in dispute. *Celotex v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Furthermore, the evidence offered by the movant is viewed in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). However, once the Motion for Summary Judgment has been made and properly supported, *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553, the party opposing the motion may not rely on the mere allegations and denials contained in its pleadings, but must submit countervailing evidence to show that a genuine issue exists for trial. Fed.R.Civ.P. 56(e). No genuine issue for trial exists if the record, taken as a whole, does not allow a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

*In re Balay,* 113 B.R. 429, 434 (Bankr. N.D.Ill.1990). "The standard of proof for the dischargeability exceptions in 11 U.S.C. § 523(a) is the ordinary preponderance-of-the-evidence standard." *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991).

By this standard, the motion must be granted. The prior memorandum decision suggested that this proceeding is amenable to disposition by summary judgment. The state's motion provides the factual basis and addresses the legal grounds upon which it rests. The motion is procedurally sufficient, and if uncontested would be granted. The debtor must therefore provide evidence that an issue of material fact

exists. In his brief, the debtor makes four basic assertions. None of the assertions raise an issue of material fact.

■ First, the debtor claims that because the Wisconsin Administrative Code definition of battery is vague, the conviction does not support the conclusion that debtor's action was willful and malicious. However, he quotes from the appendix rather than the text of the Administrative Code. The actual Administrative Code definition of battery, "intentionally causes bodily injury to another," is not at all vague. Wisconsin Administrative Code, D.O.C. § 303.12. Battery under the Administrative Code definition would certainly fall within the bankruptcy definition of willful and malicious injury.

Second, the debtor contends that separate criminal charges for battery were filed against him in a Columbia County court and later dismissed. Even if his assertion is true, it is irrelevant. The debtor may wish to create an inference that the dismissal was tantamount to an acquittal on the same charges that were the subject of the disciplinary board determination of guilt. In its reply brief, the state asks that the reference to the prosecution be struck from the record as unsupported by evidence in the record. The state is correct that no evidence has been offered, but even if the debtor had submitted evidence of the dismissal the desired inference would not be supported. Only a specific finding of not guilty would be relevant and even that would not provide, by itself, a basis for a successful attack upon the disciplinary board's ruling.

Third, the debtor asserts that because he was not provided due process in the disciplinary hearing process the determination of the disciplinary board should not be given preclusive effect. The debtor seems to concede that had he been afforded due process the board's decision would have sufficient status to support a summary judgment.[1] He argues that the disciplinary board based its ruling on inadmissible hearsay in the absence of a signed statement from the victim. The Administrative Code incorporates the Wisconsin Evidence Rules including the rules relating to hearsay. The disciplinary board's report indicates that the victim's statement was not considered in the decision and that other admissible evidence was sufficient to prove the battery.

■ The physical evidence, found sufficient by the disciplinary board to prove the debtor's guilt, is disputed by the debtor in his response to this motion. However, this court is not the appropriate forum to attack the conviction entered by the disciplinary board. The Wisconsin Administrative Code provides that a prisoner must exhaust his administrative remedies before appealing a decision to the courts. Wisconsin Administrative Code, D.O.C. § 310.08(3). It appears that the debtor did not pursue that course. In no case would the bankruptcy court have jurisdiction over such an appeal.

■ The debtor's final assertion is that the restitution obligation is dischargeable under *Kelly v. Robinson* as it is not a criminal judgment or sanction. The Wisconsin Supreme Court has held that prison disciplinary sanctions do not constitute punishment for double jeopardy purposes. *State v. Killebrew*, 115 Wis.2d 243, 340 N.W.2d 470 (1983). However, as the State notes in *Kelly*, the Supreme Court found "that § 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." In a case similar to this one, the Fourth Circuit in *In re Thompson* considered the claims of a Virginia state prisoner seeking to discharge court costs imposed as part of his criminal sentence. 16 F.3d 576 (4th Cir.1994). Virginia courts had defined the imposition of court costs as non-penal even

---

1. The debtor wrote that the decision would be "entitled to preclusive effect if the defendant would of been afforded substantive due process and procedural due process protection as outline by the administrative code." (Errors in original.)

when imposed as part of a criminal sentence and a Virginia statute states essentially the same thing. The Fourth Circuit reasoned that because the costs were only assessed against defendants who were convicted, the costs fit within the *Kelly* standard of "any condition ... impose[d] as part of a criminal sentence." Accord *In re Zarzynski,* 771 F.2d 304 (7th Cir.1985) (court costs imposed as portion of criminal sentence are nondischargeable); *In re Hollis,* 810 F.2d 106 (6th Cir.1987) (same). Using the *Thompson* holding as a basis for analogy, the debtor's restitution obligation, whether a punishment or condition, was only imposed on him as a consequence of his conviction and thus, without reference to additional facts, may be determined to be nondischargeable.

Because none of the debtor's arguments raise a genuine issue of material fact, the state's motion for summary judgment must be granted. It shall be so ordered.