**In re Robert L. RAY, Debtor.**

**Daniel Cummins, Plaintiff,**

**v.**

**Robert L. Ray, Defendant.**

**Bankruptcy No. 99–31519(3).**
**Adversary No. 99–3098.**

United States Bankruptcy Court,
W.D. Kentucky,
Louisville Division.

Sept. 3, 1999.

Richard H. Nash, Jr., Louisville, KY, for plaintiff.

James K. Stayton, Louisville, KY, for defendant.

Cathy Pike, Louisville, KY, trustee.

### MEMORANDUM

DAVID T. STOSBERG, Chief Judge.

This adversary proceeding is before the Court on the Defendant's Motion for Summary Judgment and on the Plaintiff's Cross–Motion for Summary Judgment. In considering a motion for summary judgment, the question presented to the Court is whether there is "no genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56; FED.R.BANKR.P. 7056. This Court cannot try issues of fact on a Rule 56 motion, but is authorized to determine whether there are issues to be tried. *In re Atlas Concrete Pipe, Inc.*, 668 F.2d 905, 908 (6th Cir.1982).

### Factual Background

The material facts are not in dispute. This adversary proceeding arises from an automobile accident on January 13, 1999, caused by the Defendant. The Defendant

admitted that he was driving under the influence at the time of the accident. However, because the breathalyzer test was not administered within the required two hours following the accident, no proof existed to charge the Defendant with DUI. The Jefferson District Court amended the charges to wanton endangerment and the Defendant pled guilty. The court sentenced the Defendant to two years in jail, but probated him on the condition that he pay restitution to the Plaintiff in the amount of $1,800, which corresponds with the amount of property damage suffered by the Plaintiff.

### Legal Analysis

The question for the court is whether the Plaintiff is entitled to judgment declaring the debt arising from the restitution order nondischargeable as a matter of law. Specifically, the issue is whether the $1,800 due the Plaintiff pursuant to the state criminal court's restitution order is dischargeability under 11 U.S.C. § 523(a)(7) as a fine or penalty.

Section 523(a)(7) provides that the discharge in bankruptcy does not apply to the extent that the debt:

(1) is for a fine, penalty or forfeiture;

(2) payable to and for the benefit of a governmental unit; and

(3) is not compensation for actual pecuniary loss.

The Supreme Court has considered whether an order to pay restitution arising out of a criminal proceeding creates a dischargeable obligation. *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). The Court concluded that "any condition a state criminal court imposes as part of a criminal sentence" is nondischargeable under this section. *Id.* at 50, 107 S.Ct. 353. Although the second two prongs of section 523(a)(7) appear to qualify the exception to discharge, the Court, in *Kelly,* specified that "neither of the qualifying clauses of § 523(a)(7) allows the discharge of a criminal judgment that takes the form of restitution." *Kelly,* 479 U.S. at 52, 107 S.Ct. 353. The Court reached this

conclusion by analyzing the traditional concepts of federalism and the encroaching conviction that federal courts should not interfere with or invalidate the results of state criminal proceedings. *See Id.* at 47, 107 S.Ct. 353. *See also Thompson v. Commonwealth (In re Thompson),* 16 F.3d 576, 577 (4th Cir.1994). The Supreme Court explained that the criminal justice system operates for the benefit of society as a whole, not just for the benefit of the victim, and discretionary restitution orders fulfill the penal goals of the state. Therefore, *any* financial obligation imposed as part of a criminal sentence is excepted from discharge under section 523(a)(7). *Accord, In re Maxwell,* 229 B.R. 400 (Bankr.W.D.Ky.1998) (J. Wendell Roberts, Judge); *Tennessee v. Hollis,* 810 F.2d 106 (6th Cir.1987).

There are no facts in dispute in the present case, and the Plaintiff is entitled to a judgment as a matter of law, declaring the restitution award ordered by Jefferson District Court a nondischargeable obligation under 11 U.S.C. § 523(a)(7). The Court has entered an Order this same date incorporating the findings and conclusions of this Memorandum.